COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and AtLee

CHAD LAM, VICKY LAM,
  BRUCE LAM AND SHARON LAM
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1075-19-3                      JUDGE RICHARD Y. ATLEE, JR.
                                                    FEBRUARY 25, 2020
HARRISONBURG ROCKINGHAM SOCIAL
  SERVICES DISTRICT


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            Bruce D. Albertson, Judge

              (Bradley G. Pollack, on brief), for appellant. Appellant submitting
              on brief.

              (Kim Van Horn Gutterman, Assistant County Attorney; Danita S.
              Alt, Guardian *ad litem* for the infant child, on brief), for appellee.
              Appellee and Guardian *ad litem* submitting on brief.


        Chad and Vicky Lam and Bruce and Sharon Lam (collectively "the Lams") appeal the

decision of the circuit court. The Lams argue that the circuit court erred by refusing to allow

their expert to conduct a bonding attachment analysis and evaluation of the attachment between

Chad and Vicky Lam and the child. The record does not include a necessary transcript and

therefore the assignment of error is waived. Accordingly, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Chad and Vicky Lam filed a petition for custody of a minor child who had previously been placed in their home as a foster child.[1]  The child was placed with Chad and Vicky in July 2016 and lived with them for nineteen months.

Sometime while the child was living with Chad and Vicky, Chad began using methamphetamine.  On February 11, 2018, Chad and Vicky got into an altercation, during which Chad pushed Vicky.  She called the police and obtained a protective order.  Vicky left the home and left the minor child with Chad.  Chad and the child went to stay with Chad's parents, Bruce and Sharon Lam.  On February 14, 2018, the minor child was placed with a new foster family.

Chad filed a petition in the juvenile and domestic relations district court ("JDR court") seeking custody of the minor child.  At some point, Vicky reconciled with Chad and joined the petition.  The JDR court denied their petition, and they appealed to the circuit court.  Bruce and Sharon Lam moved to intervene in the appeal, and they also requested custody of the minor child if it was not granted to Chad and Vicky.

The Lams filed a motion for the child to participate in a bonding assessment with Dr. Robert Marvin of the Ainsworth Attachment Clinic.  The Harrisonburg Rockingham Social Services District ("HRSSD") filed a motion to dismiss for lack of standing.  The circuit court denied the motion to dismiss against Chad and Vicky's petition, but it took the issue of Bruce and Sharon's standing under advisement.

The circuit court held a hearing on the motion for bonding assessment on November 8, 2018.  Dr. Marvin testified.  Dr. Weber, the child's treating therapist, also testified.  The circuit court denied the motion for a bonding assessment, finding "[f]or the reasons stated on the record,

---

[1] "To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed."  Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

. . . it would be detrimental to the child to have supervised visitation with Chad and Vicky Lam and with Bruce and Sharon Lam and to participate in the attachment evaluations with them."

Ultimately, the circuit court denied Chad and Vicky's petition for custody. It also found that Bruce and Sharon Lam lacked standing to intervene. The Lams filed a motion to reconsider, which was also denied. The Lams now appeal to this Court.

## II. ANALYSIS

The Lams argue that the circuit court erred by denying their "Motion to allow their expert, Dr. Robert Marvin, to conduct a Bonding Attachment Analysis and Evaluation of attachment bond between the child and [the Lams], and testify accordingly."[2]

It is an axiom of appellate law that "the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Patterson v. City of Richmond, 39 Va. App. 706, 717 (2003) (quoting Smith v. Commonwealth, 16 Va. App. 630, 635 (1993)). "If appellant fails to do so, the judgment will be affirmed." Bay v. Commonwealth, 60 Va. App. 520, 528 (2012).

Rule 5A:8 requires a party to file a transcript or written statement of facts. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

Although the Lams did file transcripts from the trial, the relevant transcript for the issue on appeal is the one from the November 8, 2018 hearing where Dr. Marvin testified. The record

---

[2] We note that the circuit court ruled that Bruce and Sharon Lam lacked standing and denied their motion to intervene. Bruce and Sharon did not appeal that ruling to this Court, and, therefore, it is conclusive and binding upon us. Accordingly, we address the assignment of error only as it applies to Chad and Vicky Lam.

does include a transcript from the November 8 hearing. That transcript, however, is not a full transcript; it only contains the testimony of Dr. Weber. It does not contain the testimony of Dr. Marvin, nor does it contain the circuit court's ruling on the record. The circuit court denied the motion "[f]or the reasons stated on the record." In order to review whether the circuit court erred in denying the motion, we must be able to review both Dr. Marvin's testimony and the circuit court's stated reasons for its decision. We conclude that the transcript is necessary to the resolution of the issue on appeal, and therefore cannot consider appellants' assigned error. Rule 5A:8(b)(4)(ii).

### III. CONCLUSION

Because the record lacks a transcript necessary to the review of an issue, the issue is waived on appeal. Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>